UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONTGOMERY RILEY, JR.,

        Petitioner,

v.                                      CASE NO. 2:12-cv-11698
                                        HONORABLE SEAN F. COX

PAUL KLEE,

        Respondent.
_____/

**ORDER DISMISSING THE HABEAS CORPUS PETITION,
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

**I. Introduction**

Petitioner Montgomery Riley, Jr., is a state prisoner at Gus Harrison Correctional Facility in Adrian, Michigan. He recently filed a *pro se* habeas corpus petition, challenging his 1974 Wayne County convictions for carnal knowledge of a female over sixteen years of age (rape) and assault with intent to commit gross indecency. The trial court sentenced Petitioner to sixty to ninety years in prison for the rape and six to ten years in prison for the assault.

In an appeal as of right, Petitioner raised issues concerning (1) the introduction of a photograph of the complainant's bruised backside, (2) the admission of a statement allegedly made by his sister during the incident, (3) the trial court's failure to give a requested jury instruction on the complainant's failure to make an outcry, (4) evidence that he identified himself at his arrest as Pierre Map, and (5) the trial court's instructions on assault with intent to commit gross indecency. The Michigan Court of Appeals affirmed Petitioner's convictions in a published opinion. *See People v. Riley*, 67 Mich. App. 320; 240 N.W.2d 787 (1976). On July

26, 1979, the Michigan Supreme Court reversed Petitioner's conviction for assault with intent to commit gross indecency and remanded for a new trial on that offense because the trial court did not define the offense during its instructions to the jury. *See People v. Riley*, 406 Mich. 1016; 289 N.W.2d 928 (1979).

Petitioner filed his habeas corpus petition on April 17, 2012. He appears to be alleging that (1) the felony complaint filed in state district court was defective, (2) no warrant was issued or filed in state district court, (3) jurisdiction was never properly established in the state courts, (4) the prosecutor abused his discretion and committed a fraud on the court, and (5) he was denied effective assistance of trial and appellate counsel.

## II. Discussion

A preliminary question is whether Petitioner exhausted state remedies for his claims. The doctrine of exhaustion of state remedies requires state prisoners to present their claims to the state court before raising their claims in a federal habeas corpus petition. *See* 28 U.S.C. §§ 2254(b)(1) and 2254(c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The exhaustion requirement is satisfied if a prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan*, 526 U.S. at 845, 847. This means that a habeas petitioner must present his or her issues to the state court of appeals and to the state supreme court. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009) (citing *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990) (citing *Winegar v. Corr. Dep't*, 435 F. Supp. 285, 289 (W.D. Mich. 1977)). "It is the petitioner's burden to prove exhaustion," *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (citing *Darr v.*

*Burford*, 339 U.S. 200, 218-19 (1950)), and even though "the exhaustion doctrine is not a jurisdictional matter, it is a threshold question that must be resolved before [courts] reach the merits of any claim." *Wagner*, 581 F.3d at 415 (internal and end citations omitted).

The state appellate court's opinion in Petitioner's case indicates that Petitioner did not raise his current issues in the appeal of right. Further, Petitioner has not alleged that he pursued any post-conviction remedies in state court.[1] He has failed to satisfy his burden of proving that he raised his current claims at all levels of state court review. Accordingly, the petition for writ of habeas corpus [dkt. #1] is DISMISSED pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."). Although this dismissal is without prejudice, the Court warns Petitioner that his claims may already be barred from substantive habeas review by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d).

The Court declines to issue a certificate of appealability because reasonable jurists would not debate whether the Court's procedural ruling was correct or whether the petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Finally, Petitioner may not proceed *in forma pauperis* on appeal because an appeal could not be

---

[1] As explained in *Wagner*,

> Under Michigan Court Rules 6.500 et seq., a Michigan state defendant may file one post-conviction motion for relief from judgment in addition to a direct appeal as of right. This "6.500 motion" is to be filed in the county circuit court and can be appealed to the Michigan Court of Appeals and the Michigan Supreme Court. See M.C.R. 6.509.

*Wagner*, 581 F.3d at 414.

taken in good faith.  Fed. R. App. P. 24(a)(3)(A).


Dated:  May 31, 2012                               S/ Sean F. Cox             
                                                                 Sean F. Cox
                                                                 U. S. District Court Judge


I hereby certify that on May 31, 2012, the foregoing document was served upon counsel of record by electronic means and upon Montgomery Riley, Jr.  by First Class Mail at the address below:

Montgomery Riley
138947
Gus Harrison Correctional Facility
2727 E. Beecher Street
Adrian, MI 49221


Dated:  May 31, 2012                               S/ J. Hernandez          
                                                                 Case Manager